IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| BRYAN N. ARVIDSON, | CV 22-65-H-SEH |
| Plaintiff, | |
| vs. | ORDER |
| CAPTAIN BRAD BRAGG, SHERIFF LEO DUTTON, HEIDI RN, KRISTI RN, TAYLOR RN, and DR. CROWELL, | |
| Defendants. | |

Pending before the Court is Defendant Kristi Orr, R.N.'s ("Nurse Orr")

motion to dismiss for failure to state a claim.[1]  The matter is fully briefed and ripe

for resolution.[2]  The motion will be granted.

## BACKGROUND

On November 28, 2022, Plaintiff Bryan N. Arvidson ("Arvidson") filed an

amended 42 U.S.C. § 1983 civil rights complaint[3] alleging generally that he was

denied adequate medical care during incarceration at the Lewis and Clark County

Detention Center,[4] that while a pretrial detainee at Lewis and Clark Detention

Center, he requested medical care, that his requests were ignored, that medical care

---

[1] Doc. 26.
[2] Docs. 31, 34.
[3] Doc. 18.
[4] Doc. 18 at 5.

was withheld from October 3, 2021, until September 19, 2022, and that the denial of care will result in long-term health issues.[5]

## LEGAL STANDARD

Fed. R. Civ. P. 8(a)(2) requires "a short plain statement of the claim showing that the pleader is entitled to relief in order to give a defendant a fair notice of what the claim is and the grounds upon which it is based." "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party" in assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6).[6]

A two-step analytical process for determining the sufficiency of pleadings under Rule 8 was established by the United States Supreme Court in *Ashcroft v. Iqbal*[7] and *Bell Atlantic Corp. v. Twombly*.[8]  In step one, the court determines which allegations are merely "labels and conclusions," "formulaic recitations," or "naked assertion[s]."[9]  The truth of such allegations need not be accepted.[10]  Step two requires the court to engage in a context specific task of drawing on the court's

---

[5] Doc. 18 at 5.
[6] *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).
[7] 556 U.S. 662 (2009).
[8] 550 U.S. 544 (2007).
[9] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).
[10] *Id.*

"judicial experience and common sense"[11] to determine whether the remaining allegations, which the court must accept as true, "plausibly give rise to an entitlement to relief."[12]

## DISCUSSION

Arvidson's amended complaint fails to comply with Fed. R. Civ. P. 8's pleading requirement to any claim against Nurse Orr.  No specific claims and factual allegations are asserted against Nurse Orr. General and conclusory allegations are insufficient.

## I.   Fourteenth Amendment

Arvidson was a pretrial detainee at the time of the alleged misconduct.[13] His Section 1983 claim arises under the Fourteenth Amendment's Due Process Clause.

To state a claim for inadequate medical care, a pretrial detainee must plead facts showing that:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances

---

[11] *Id.*
[12] *Id.* at 679.
[13] *Kingsley v. Hendrickson*, 576 U.S. 398 (2015); *Castro v. Cnty. of L.A.*, 833 F. 3d 1060, 1067 (9th Cir. 2016) (en banc).

3

would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.[14]

An objective standard, which requires proof of "more than negligence but less than subjective intent [,] something akin to reckless disregard[,]" governs.[15]

As pleaded, Arvidson fails to state a cognizable claim against Nurse Orr. The arguments that Nurse Orr "was put on notice of the Plaintiffs [sic] substantial risk of serious harm to the Plaintiff"[16] and "failed to respond reasonably"[17] are inadequate.

Arvidson requested treatment and information through the MSP communication system. Nurse Orr promptly responded to Arvidson in nearly every instance. She inquired about his current health[18] informing him, *inter alia*, that she would pass along his question to other medical personnel, and that he was on a list to see a provider,[19] that alternative treatment options were available,[20] or that he had already been provided treatment.[21]

---

[14] *Gordon v. Cnty. of Orange*, 888 F. 3d 1118, 1125 (9th Cir. 2018).
[15] *Id.* (citation omitted).
[16] Doc. 31 at 8.
[17] Doc. 31 at 9.
[18] Doc. 31-1 at 11.
[19] Doc. 31-1 at 2, 5, 8, 9, 10, 12.
[20] Doc. 31-1 at 6, 7.
[21] Doc. 31-1 at 3, 4, 13.

4

Arvidson failed to allege that Nurse Orr made an "intentional decision" that put him "at substantial risk of suffering serious harm" or that she "did not take reasonable available measures to abate that risk."[22]  She made no decision regarding his confinement that caused him harm.  Rather, Arvidson communicated with Nurse Orr on numerous occasions to receive treatment and advice, and which, on numerous occasions, she provided.

## II.   Fed. R. Civ. P. 20(a)

Arvidson, in the alternative, moves to join Nurse Orr as a defendant.  Fed. R. Civ. P. 20(a) permits joinder of a defendant if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."[23]  Arvidson has failed to assert "any right to relief"[24] against Nurse Orr and has failed to meet Fed. R. Civ. P. 20(a)'s standard.  Arvidson has no viable Fourteenth Amendment claim against Nurse Orr.

---

[22] *Gordon*, 888 F. 3d at 1125.
[23] Fed. R. Civ. P. 20(a)
[24] Fed. R. Civ. P. 20(a).

**ORDERED:**

1. Defendant Kristi Orr, RN's Motion to Dismiss[25] is **GRANTED**.

2. Defendant Kristi Orr is **DISMISSED** as a defendant.

3. The Clerk of Court is directed to amend the caption to remove references to Kristi RN.

DATED this 15th day of May, 2023.

Sam E. Haddon
United States District Court

---

[25] Doc. 26.

6