Nicholas J. Lofing
Jason M. Collins
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
njlofing@garlington.com
jmcollins@garlington.com

Attorneys for Captain Bragg, Leo Dutton, Heidi RN and Taylor RN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRYAN ARVIDSON,<br><br>Plaintiff,<br><br>v.<br><br>CAPTAIN BRAGG, LEO DUTTON, HEIDI RN, TAYLOR RN, and DR. CROWELL,<br><br>Defendants. | CV 22-65-H-SEH<br><br>CAPTAIN BRAGG, LEO DUTTON, HEIDI RN, AND TAYLOR RN'S PRELIMINARY PRETRIAL STATEMENT AND INITIAL DISCLOSURES |

Defendants Captain Bragg, Leo Dutton, Heidi RN, and Taylor RN, (collectively "Defendants"), by and through counsel of record, hereby submit their Preliminary Pretrial Statement and Initial Disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)(i)(ii)(iii), Local Rule 16.2(b)(1) and the Court's Scheduling Order dated May 16, 2023. (Doc. 37.)

4886-3112-1520

1

A.      **BRIEF FACTUAL OUTLINE OF THE CASE**

The State of Montana (the "State") incarcerated plaintiff Bryan Arvidson after he shot at police officers and kept his wife and son hostage during an armed standoff. During and while awaiting trial, Lewis and Clark County confined Arvidson in Lewis and Clark Detention Center ("LCDC") from October 2, 2021, until September 19, 2022, when he was transferred to State custody. While incarcerated in LCDC, Arvidson complained of abdominal pain and blood in his stool. LCDC's doctor and nurses treated him for these conditions, and referred him to St. Peter's Hospital in Helena, Montana for emergent care and specialty treatment from a gastroenterologist, who, among other things, performed an EGD (Esophagogastroduodenoscopy) / Colonoscopy for epigastric pain. Arvidson's ultimate diagnosis by every provider was that he had minor hemorrhoids and some constipation.

LCDC also treated Arvidson for wounds suffered when he was in a jailhouse fight. He had an X-ray of his chest, CT of his brain and facial bones, a facial laceration repair, a laceration over his eyebrow repaired, and his abdomen examined at that time. His primary care physician at LCDC, Dr. Crowell, noted a nasal fracture and referred him to a Helena ENT for treatment. LCDC later treated Arvidson when he attempted suicide, reviving him with CPR, an AED, and sending him to the St. Peter's Emergency Room.

Arvidson subsequently filed suit against the Captain of the LCDC, the Lewis and Clark Sheriff, and those who treated him, alleging they failed to care for him or failed to adequately care for him in some fashion regarding his abdominal pain. On November 28, 2022, Arvidson filed a pro se complaint under 42 USC § 1983, alleging LCDC had refused him medical treatment for five months, and forced him to be in extreme pain for over a year.

**B.   BASIS FOR FEDERAL JURISDICTION AND VENUE**

This Court has jurisdiction under Article III, § 2 of the United States Constitution, and 28 U.S.C. § 1331, as Arvidson has brought a claim under 42 USC § 1983. Venue is proper in the United States District Court, District of Montana, Helena Division pursuant to 28 U.S.C. § 1391, because all of the alleged events giving rise to this action occurred in Helena in the State of Montana.

**C/D.  FACTUAL BASIS AND LEGAL THEORY OF EACH CLAIM OR DEFENSE**

County Defendants—Captain Bragg, Sheriff Dutton, Nurses Exley and Schraudner Answered Plaintiff's Amended Complaint and alleged fourteen affirmative defenses. The factual and legal basis for each is respectively provided below:

1.   Arvidson has failed to allege sufficient facts, which even if taken as true, would not demonstrate that County Defendants were liable under 42 USC § 1983. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

2. Arvidson's medical records reflect his alleged abdominal pain and bloody stools significantly predate his incarceration, which potentially abrogate Arvidson's claim that LCDC caused his condition or that he was in pain therefrom.

3. Arvidson's allegations and the substance of Arvidson's medical records, do not facially demonstrate nor compel a reasonable inference that he was treated with deliberate indifference by an intentional decision of any defendant that put him at a substantial risk of suffering serious harm, or that some defendant failed to reasonably abate any such risk. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

4. No record evidence shows any defendant is guilty of actual malice or that any defendant consciously or intentionally disregarded a high probability of injury to Arvidson, which are required conditions for an award of punitive damages in Montana.

5. Arvidson often failed to take medication and treatment as prescribed, was at times combative with his providers, and engaged in bizarre behavior that inhibited his treatment, e.g., refusing to drink water while incarcerated unless it was bottled or supplied through a "life straw." These facts preclude any award in equity Mr. Arvidson may receive, and potentially abrogate his claims LCDC caused his injuries.

6. By engaging in behaviors described in no. 5, *supra*, Arvidson has waived his right to complain in equity or law.

7. *See* nos. 1, 3, and 4, *supra*.

8. Arvidson is a prolific filer of lawsuits in both State and federal courts. To any extent he has already litigated or is litigating these claims in other courts, he may be precluded from recovery here, as the law does not permit double recovery.

9. The record is not clear Arvidson exhausted his administrative remedies. Inmates are generally required by law to exhaust their administrative remedies prior to filing suit. *See* 42 USC 1997e.

10. This defense preserves any common law immunity defense that may apply, though none are clearly applicable under the facts known to-date.

11. County Defendants will show by the record evidence that Arvidson's claims are frivolous and fail to state a claim for which relief can be granted, and directed toward defendants who are immune. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

12. *See* nos. 2 and 5, *supra*.

13. *Id*.

14. This defense means to preserve any waivable defense under the Federal Rule of Civil Procedure 8, which defenses though not apparent now, may later apply as further facts develop.

**G.    PROPOSED STIPULATIONS OF FACT AND LAW**

1. Arvidson was incarcerated in LCDC from October 2, 2021, until September 19, 2022.

2. Arvidson complained to medical personnel at LCDC that he had abdominal pain, constipation, and bloody-looking stools.

3. Arvidson was treated by County Defendants Exley and Schraudner for these conditions, and by defendant Dr. Crowell.

4. At the direction of LCDC, Helena-area physicians and caregivers at St. Peter's Hospital in Helena also treated Arvidson for his constipation, complaints of abdominal pain, and bloody-looking stools.

5. Arvidson's claims as alleged are brought under 42 USC § 1983 and the 14th Amendment to the United States Constitution.

**I.    CONTROLLING ISSUES OF LAW**

At this time, County Defendants believe there may be grounds for dispositive motions based on qualified immunity and that plaintiff cannot meet the elements for a facially valid claim of inadequate medical treatment as a pretrial detainee.  *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Grounds for dismissal may also exist under 42 USC 1997e(a) for failure to exhaust administrative remedies. Additionally, the record evidence is likely strong enough and irrefutable such that no jury could reasonably conclude Arvidson was refused care or inadequately treated—which may implicate judgment as a matter of law for defendants rather than trial before a factfinder.

**J.   INDIVIDUALS KNOWN, OR BELIEVED TO HAVE DISCOVERABLE INFORMATION**

1. Bryan Arvidson, Plaintiff
   Crossroads Correctional Center
   50 Crossroads Drive
   Shelby, MT 59474

Mr. Arvidson is knowledgeable of the treatment he received while incarcerated, his history of medical treatment, and his symptoms complained of while incarcerated.

2. County Defendants
   c/o Jason Collins
   Garlington, Lohn & Robinson, PLLP
   P.O. Box 7909
   Missoula, MT 59807
   (406) 523-2500

   Dr. Crowell c/o Lilla Lund
   Berg Lilly, PC
   1 West Main Street
   Bozeman, MT 59715
   (406) 587-3181

Captain Bragg is familiar with Arvidson's behavior while incarcerated, the medical treatment Arvidson received, Arvidson's disciplinary record, Arvidson's

4886-3112-1520                                                                                               7

grievances filed, if any, and the LCDC policy regarding grievances.

Sheriff Dutton likely has no knowledge of any relevant facts and circumstances of this case.

Nurses Exley and Schraudner, and Dr. Crowell have knowledge of Arvidson's medical complaints, symptoms, and the medical treatment he received for them. They can also testify to his demeanor toward caregivers and his compliance or noncompliance with medical advice. Dr. Crowell can testify to her observations of Arvidson's medical condition, his diagnosis, symptoms complained of, and provide an opinion on whether his treatment was timely and within the standard of care.

>    3.   Lauren M. Shea, MD
>         Gastroenterologist
>         St. Peter's Hospital, Helena, Montana
>         2525 E. Broadway, Suite 204
>         Helena, MT 59601
>         (406) 457-4330

Dr. Shea treated Arvidson for epigastric pain and administered his EDG / Colonoscopy. She can testify to her observations of his medical condition, his diagnosis, symptoms complained of, and provide an opinion on whether his treatment was timely and within the standard of care.

>    4.   Any other treating physician or medical professional who treated or examined Arvidson while outside or inside of LCDC during or before his incarceration.

These individuals may be able to testify to the care Arvidson received for preexisting conditions predating his incarceration, and to treatment he received for during relevant times.

5. Erica Scharf
   Spouse of Arvidson
   3684 Strandberg Dr.
   Helena, MT 59602

Ms. Scharf may have knowledge of Arvidson's preexisting conditions and aberrant behaviors, particularly his refusal to drink from a municipal water supply and to take medication as prescribed.

6. Any witness listed by any other party.

7. Any witness identified during discovery.

8. Any witness needed for rebuttal or impeachment.

9. County Defendants reserve the right to supplement this disclosure.

## K. SUBSTANCE OF ANY INSURANCE AGREEMENT

County Defendants are being defended under a policy issued by MACO. A copy of the Declaration of Coverage sheet has been mailed to Arvidson as of July 13, 2023, as part of County Defendants' initial disclosures.

## L. STATUS OF SETTLEMENT DISCUSSION/PROSPECT FOR COMPROMISE

No settlement discussions have occurred. County Defendants believe the record evidence belies Mr. Arvidson's claims and thus are unlikely to settle.

M. **SUITABILITY OF SPECIAL PROCEDURES**

Special procedures are not suitable for this case.

N. **DESCRIPTION BY CATEGORY AND LOCATION OF ALL DOCUMENTS, ESI, AND THINGS WITHIN POSSESSION, CUSTODY, OR CONTROL TO SUPPORT DEFENSES**

County Defendants have within their possession, and have mailed (paper copies) to Arvidson all of the following materials, which were Bates paginated as COUNTY 1-530:

1. Arvidson's booking documents

2. Reports of law enforcement encounters with Arvidson

3. Detention Center Reports regarding Arvidson's disciplinary issues and observations from staff regarding his mental and physical well-being

4. An HRB Investigative report Arvidson regarding a complaint Arvidson filed about race discrimination

5. Helena Police Department reports regarding alleged criminal infractions of Arvidson

6. Lewis and Clark Sheriff reports regarding alleged criminal infractions of Arvidson

7. Kites filed by Arvidson while incarcerated

8. Medical records of Arvidson from LCDC providers

9. Medical records of Arvidson from St. Peter's Hospital in Helena

10. A declaration of coverage from MACO.

DATED this 14th day of July, 2023.

/s/ Jason M. Collins
Garlington, Lohn & Robinson
Attorneys for Captain Bragg, Leo Dutton, Heidi RN and Taylor RN Captain Bragg, Leo Dutton, Heidi RN and Taylor RNin their official capacity

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2023, a copy of the foregoing document was served on the following persons by the following means:

```
_____   Hand Delivery
   1       Mail
_____   Overnight Delivery Service
_____   Fax (include fax number in address)
_____   E-Mail (include email in address)
```

1. Bryan N. Arvidson
   Crossroads Correctional Center
   50 Crossroads Drive
   Shelby, MT 59474
     *Pro Se Plaintiff*

2. Elizabeth W. Lund
   Berg Lilly, PC
   1 West Main Street
   Bozeman, MT 59715
   lund@berglawfirm.com
     *Attorney for Defendant Dr. Crowell*

_____
/s/ Elizabeth M Quist